**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARK GOODWIN, et al.,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civ. No. MJM-25-3228** |
| **JOHNS HOPKINS UNIVERSITY, et al.,** | * | |
| **Defendants.** | * | |

* * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiffs Mark Goodwin ("Goodwin") and Cutting Edge Surgical Co. ("Cutting Edge") (collectively, "Plaintiffs") commenced this civil action against Johns Hopkins University ("JHU"), Muyinatu Bell ("Bell"), and Joshua Shubert ("Shubert") (collectively, "Defendants"), alleging breach of contract, fraud, conversion, and unfair competition. ECF 1 (Compl.). Plaintiffs seek a declaratory judgment, monetary damages, and a permanent injunction. *Id.* at 45–47. Defendants filed a motion to dismiss the Complaint with prejudice as time barred and for failure to state a claim for relief. ECF No. 15. The motion is fully briefed, and no hearing is necessary to resolve it. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, the Court grants Defendants' motion to dismiss as to the breach-of-contract and declaratory judgment claims asserted against Bell and Shubert and denies the motion in all other respects.[1]

[1] The prior Order entered on Defendants' motion (ECF 23) shall be amended consistently with this Memorandum Opinion. It is well established that "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003).

# I. BACKGROUND

## A. Factual Background

Goodwin is an inventor and the President and owner of Cutting Edge. *See* Compl. ¶ 39. Over the course of several years, Goodwin developed "PA-IONI" technology—a combination of non-ionizing photoacoustic imaging with his patented Intra Osteal Navigation and Interrogation ultrasound-based surgery guidance techniques. *Id.* ¶¶ 2, 40, 43, 45. In short, PA-IONI technology consists of a patented "ultrasound-guided surgical technique" and a "Smart Surgical Tool" device to guide the accurate placement and positioning of screws during spinal fusion surgery. *Id.* ¶ 43.

JHU is a private research university and corporation operating in Baltimore, Maryland. *Id.* ¶ 17. During the period relevant to the allegations in the Complaint, Bell was a faculty member and assistant professor at JHU, *id.* ¶ 4, and Shubert was a student who worked on the relevant project with JHU and Bell, *id.* ¶ 157.

In September 2026, Goodwin approached Bell and JHU to conduct research with the aim of refining PA-IONI technology and commercializing the invention. *Id.* ¶ 52. Bell told Goodwin that Defendants would "take great care" to protect Goodwin's intellectual property ("IP") rights and "not work on spine navigation surgery technologies for 'someone else.'" *Id.* ¶¶ 64–65. Bell reiterated these assurances in an email on April 12, 2017, *id.* ¶ 65, and a JHU Project IP Manager reaffirmed Bell's assurances, *id.* ¶ 67. Goodwin ultimately agreed to a research agreement ("2017 SRA") based on Defendants' assurances. *Id.* ¶¶ 64–68. Around this time, Bell and Shubert published an article discussing Goodwin's PA-IONI technology and stated that Bell and Shubert were "sole joint-inventors" of the technology ("July 2017 article"). *Id.* ¶¶ 68–69, 220.

Cutting Edge and JHU entered the 2017 SRA, which became effective on June 30, 2017, with a performance period of July 1, 2017, through December 31, 2017. *Id.* ¶¶ 70–71. Bell was the

Project Director for research studies under the 2017 SRA. *Id.* ¶ 72. The 2017 SRA limited publication and dissemination of the Sponsor's (in this case, Plaintiffs') "Confidential Information."[2] *Id.* ¶ 73; ECF 1-3 (Compl. Ex. 2), § 9.1. The contract also stated that "JHU shall furnish the Sponsor with a copy of any proposed publication seven (7) days in advance of submission of the proposed publication for review and comment concerning Confidential information" and the "Sponsor may request JHU to delay submission for publishing such proposed publication for a maximum of an additional sixty (60) days in order to protect the patentability of any inventions described therein." Compl. ¶ 76; Compl. Ex. 2, § 9.2. The 2017 SRA required that the parties provide written disclosure of any invention to each other and provided criteria for allocating ownership rights. Compl. ¶ 77; Compl. Ex. 2, § 10.2(d).

In late 2017, toward the end of the research studies, A&K Spinal Instruments, Inc. ("A&K Spinal") and Goodwin began discussions of a joint arrangement to commercialize PA-IONI. *Id.* ¶¶ 87–88. As part of preliminary due diligence, Goodwin "sought to license any relevant IP rights owned by JHU." *Id.* ¶ 90. JHU informed Goodwin there was "new JHU IP," required Goodwin to sign a non-disclosure agreement, and then provided Goodwin with an invention disclosure form and Bell's July 2017 article. *Id.* ¶¶ 91, 93. These materials included PA-IONI-related information JHU was obligated to disclose under the 2017 SRA. *Id.* ¶ 92. On January 26, 2018, Goodwin, A&K Spinal, and Defendants met to discuss inventorship issues. *Id.* ¶ 97. A&K Spinal ended their work with Goodwin due to ensuing disputes over inventorship and ownership. *Id.* ¶ 99.

In July 2018, Goodwin disclosed to Bell a draft sample provisional patent application directed to methods of PA-IONI surgical techniques. *Id.* ¶¶ 106–07. On July 17, 2018, Bell and

[2] "Confidential Information" is defined in the agreement as "non-public information that is marked as 'Confidential Information' and which is disclosed by one party to the other, including but not limited to . . . inventions (whether patentable or not)," and other listed materials. Compl. Ex. 2, § 8.1.

Shubert filed a ’483 provisional patent application that disclosed PA-IONI technology, largely copied Goodwin’s sample provisional application, and claimed Bell and Shubert as sole joint-inventors. *Id.* ¶¶ 107, 120. JHU did not inform Goodwin about the ’483 provisional application that Defendants filed until September 20, 2018. *Id.* ¶ 111.

On July 15, 2019, Bell filed a Patent Corporation Treaty (“PCT”) application that claimed priority to the ’483 provisional and published on January 23, 2020. *Id.* ¶¶ 9–10, 114. Goodwin filed the ’689 provisional application directed to PA-IONI technology on November 8, 2019, and the ’401 application claiming PA-IONI technology on November 9, 2020. *Id.* ¶¶ 114, 130. On January 20, 2021, Defendants filed the ’943 application claiming priority to the ’483 provisional. *Id.* ¶¶ 9–10, 114. On September 16, 2021, the ’943 application published as the ’857 publication, stating that Bell and Shubert were sole joint-inventors and JHU was the sole owner of the technology. *Id.* ¶¶ 9, 114, 221. On October 27, 2021, as part of the prosecution of his ’401 application, Goodwin disclosed to the U.S. Patent and Trademark Office (“USPTO”) the July 2017 article and another article Bell authored in 2018 (“July 2018 article”) in which Bell and Shubert claimed to be sole-joint inventors. *Id.* ¶¶ 126, 220. On October 7, 2022, the USPTO rejected Goodwin’s application based on the July 2018 article. *Id.* ¶¶ 131, 133. It was not until early 2023 that Goodwin discovered the ’857 publication while conducting independent research toward improving PA-IONI. *Id.* ¶ 119. Goodwin asserts that the PCT, ’943 application, and ’857 publication were not discoverable through reasonable diligence and were “actively concealed” by Bell, noting, for instance, that neither Goodwin nor the patent examiner located the ’483 provisional or the “concealed applications” during prior art searches in connection with the preparation and prosecution of the ’401 application. *See id.* ¶¶ 9, 121–29.

**B. Procedural History**

Plaintiffs filed a civil action against Defendants in 2024, which this Court dismissed in 2025 for failure to satisfy a mediation requirement in the 2017 SRA. *See Goodwin v. JHU, et al.*, Civ. No. MJM-24-1217, ECF 28 & 29. Following mediation, Plaintiffs filed the instant action on September 29, 2025. ECF 1.

Plaintiffs allege that Defendants' actions constitute breach of contract, fraud, conversion, and unfair competition under Maryland common law, and unfair competition under the Lanham Act. *Id.* ¶¶ 180–83, 193–94, 205–08, 219–23, 231, 234, 235, 240. Specifically, Plaintiffs assert that Defendants breached the 2017 SRA by disclosing and publishing PA-IONI technology in the July 2017 article, July 2018 article, '483 provisional, PCT, '943 application, and '857 publication, and by failing to disclose to Plaintiffs the '483 provisional, '943 application, and '857 publication. *Id.* ¶¶ 180–82. In support of their fraud claim, Plaintiffs assert that Bell made knowingly false assurances, which JHU was aware of and repeated, during negotiations over the 2017 SRA that induced Plaintiffs to enter the agreement. *Id.* ¶¶ 64–67, 193–94. Plaintiffs' conversion claim is based upon Defendants' alleged interference with Plaintiffs' ownership of PA-IONI technology in connection with the July 2017 article, July 2018 article, '483 provisional, '943 application, and '857 publication. *Id.* ¶¶ 219–23. Plaintiffs' common-law unfair competition claim is based on Defendants claiming sole ownership and inventorship of PA-IONI technology, licensing back the technology to Plaintiffs, failing to name Goodwin as a joint inventor on the '857 publication, and competing against Plaintiffs by seeking to commercialize PA-IONI technology. *Id.* ¶¶ 231, 234, 235. Plaintiffs assert that Defendants violated § 43(a) of the Lanham Act by "making false representations that Defendants Bell and student Shubert are the sole joint-inventors" of the technology in the July 2017 article, July 2018 article, and '857 publication. *Id.* ¶¶ 240–50. Lastly,

Plaintiffs seek a declaratory judgment stating that Goodwin is a "co-owner" of the PA-IONI technology disclosed in the July 2017 article and July 2018 article, and disclosed and claimed in the '857 publication. *Id.* ¶ 253.

Defendants filed a motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF 15. Plaintiffs filed a response in opposition to Defendants' motion, ECF 19, to which Defendants filed a reply, ECF 22.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing a motion to dismiss under Rule 12(b)(6), courts "accept the complaint's factual allegations as true and draw all reasonable inferences in [p]laintiff's favor." *Rice v. Adams*, 172 F.4th 428, 432 (4th Cir. 2026). Nevertheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In conducting this analysis, a court may consider documents attached to the complaint as exhibits or incorporated into the complaint by reference. *Riston v. Klausmair*, Civ. No. RDB-17-03766, 2018 WL 4333752, at *4 (D. Md. Sept. 11, 2018) (citing *Goines v. Vally Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)).

Although in analyzing a motion to dismiss courts generally do not consider the merits of an affirmative defense, "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear on the face of the complaint.'" *Goodman v. Pixar*, 494 F.3d 458, 464 (4th Cir. 2007) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Frost*, 4 F.3d 244, 250 (4th Cir. 1993)).

## III. DISCUSSION

### A. Breach-of-Contract Action Against Bell and Shubert

In Count One of the Complaint, Plaintiffs assert a claim for breach of contract against all Defendants based on alleged breaches of the 2017 SRA. Compl. ¶¶ 172–88. Defendants move to dismiss Count One as to Bell and Shubert because these individual defendants are not parties to the 2017 SRA. ECF 15-1 at 24. Plaintiffs argue that Bell and Shubert may be individually named as defendants with respect to the breach-of-contract count because "Bell was integrally involved with negotiating the 2017 SRA, including offering false assurances, as well as designated Project Director by JHU, who was 'responsible for oversight of and performance of this Project.'" ECF 19 at 28–29 (quoting Compl. Ex. 2, § 4.2). According to Plaintiffs, "JHU also apparently gave Bell final say over the inventorship question[,]" and Bell and Shubert benefited from the contract both in status and monetarily. *Id.* at 29.

Defendants' motion to dismiss Bell and Shubert from Count One is granted because Plaintiffs fail to state any plausible claim for breach of contract against Bell and Shubert because they are not parties to the contract at issue, the 2017 SRA. The elements of a claim for breach of contract under Maryland law are a contractual obligation, a breach, and damages. *Tucker v. Specialized Loan Servicing*, 83 F. Supp. 3d 635, 655 (D. Md. 2015) (citing *Kumar v. Dhanda*, 17

A.3d 744, 749 (Md. Ct. Spec. App. 2011)). Generally, "a person cannot be held liable under a contract to which [they] were not a party." *Snider Bros. v. Helf*, 317 A.2d 848, 851 (Md. 1974) (citing *Crane Ice Cream Co. v. Terminal Freezing & Heating Co.*, 128 A. 280, 281 (Md. 1925)); *see also Mowbray v. Zumot*, 533 F. Supp. 2d 554, 564 (D. Md. 2008); *Capitol Radiology LLC v. Univ. of Md. Med. Sys.*, No. 24-CV-02548-LKG, 2025 WL 2323270 (D. Md. Aug. 12, 2025)). Here, Plaintiffs do not allege facts to support a reasonable inference that Bell and Shubert had a contractual obligation to Plaintiffs that either defendant breached. Plaintiffs do not allege that Bell and Shubert are parties to the 2017 SRA. *See* Compl. ¶¶ 70-78; ECF 1-3 (Compl. Ex. 2). The 2017 SRA itself states that the agreement is between JHU and Cutting Edge. Compl. Ex. 2. Although the 2017 SRA names Bell as Project Director and as an individual to whom notices should be sent, Bell is not listed as a party to the contract nor is she a signatory to the agreement. *Id.* Shubert is not mentioned at all in the 2017 SRA. *See id.* Although Plaintiffs assert that Bell should be liable for breach of contract because she was "integrally involved with negotiating the 2017 SRA" and benefited from the contract, Plaintiffs do not cite any legal authority to support the proposition that these circumstances create a contractual obligation. ECF 19 at 28–29. Since Bell and Shubert are not parties to the 2017 SRA, their liability for any alleged breach is not plausible.

Accordingly, Count One is dismissed as to Bell and Shubert.

**B. Declaratory Judgment Action Against Bell and Shubert**

In Count Six of the Complaint, Plaintiffs assert a claim for a declaratory judgment that Goodwin is "a joint-inventor and co-owner of the PA-IONI™ technology" disclosed in the July 2017 article and July 2018 article and disclosed and claimed in the '857 publication. Compl. ¶ 253. A declaratory judgment action under either federal or Maryland law requires an "actual

controversy" between the parties.[3] 28 U.S.C. § 2201(a); Md. Code Ann., Cts & Jud. Proc. § 3-409(a).

Defendants move to dismiss this count as to Bell and Shubert because these defendants have asserted no ownership interest in the invention disclosed and claimed in the '857 publication. ECF 15-1 at 25. Defendants argue that, although Bell and Shubert were inventors, they were obligated to assign, and did assign, their rights in the invention to JHU and therefore have no ownership interest in it. *Id.* In response, Plaintiffs argue that Bell and Shubert have benefited from the invention, in status and monetarily, and continued to publish works related to the technology. ECF 19 at 28–29.

Defendants' motion to dismiss Bell and Shubert from Count Six is granted. Plaintiffs allege that Bell and Shubert claim to be "sole joint-inventors" of PA-IONI technology, Compl. ¶¶ 100,

---

[3] Under the federal Declaratory Judgment Act, a federal court may, "upon the filing of an appropriate pleading … declare the rights and other legal relations" of a party in a civil action and determine whether further relief could be sought. 28 U.S.C. § 2201(a). The statute expressly limits the availability of declaratory relief in federal court to "case[s] of actual controversy with [the court's] jurisdiction[.]" *Id.*

> [A] federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

*Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004). Similarly, Maryland's declaratory judgment statute states the following:

> [A] court may grant a declaratory judgment of decree in a civil case, if it will serve to terminate the uncertainty or controversy giving rise to the proceeding and if: (1) An actual controversy exists between contenting parties; (2) Antagonistic claims are present between the parties involved which indicate imminent or inevitable litigation; or (3) A party asserts a legal relation, status, right, or privilege and this is challenged or denied by an adversary party, who also has or asserts a concrete interest in it.

Md. Code Ann., Cts & Jud. Proc. § 3-409(a).

184, 205, 210, 220–21, 240, but they also allege that Bell and Shubert assigned the ’857 publication to JHU, *id.* ¶ 222, leaving these defendants without an ownership interest. *See Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) (“Inventors who have an obligation to assign their inventions have no ownership interest in the patents on those inventions.”). According to the Complaint, only Plaintiffs and JHU contend for ownership of PA-IONI technology. *See* Compl. ¶¶ 12, 21, 100, 177, 198, 220–23, 222, 253, 256. In short, the Complaint presents no “actual controversy” as to Bell and Shubert’s ownership of PA-IONI technology to the exclusion of Goodwin. These two defendants are dismissed from Count Six.

### C. Statute of Limitations

Defendants argue that all six counts of the Complaint should be dismissed because all claims are subject to a three-year statute of limitations and all accrued more than three years before Plaintiffs filed the Complaint. ECF 15-1 at 11–22.

The parties do not dispute that Plaintiffs’ claims are subject to a three-year statute of limitations. *See id.*; ECF 19 at 22–28; Md. Code Ann., Cts. & Jud. Proc. (“CJP”) § 5-101 (establishing a general three-year statute of limitations for civil actions). The question of when a cause of action accrues under CJP § 5-101 is left to judicial determination. *Frederick Rd. Ltd. P’ship v. Brown & Strum*, 756 A.2d 963, 973 (Md. 2000). This determination may be based “solely on law, solely on fact, or on a combination of law and fact, and is reached after careful consideration of the purpose of the statute and the facts to which it is applied.” *Id.*

“Under Maryland’s discovery rule, the statute of limitations does not begin to accrue on a claim until the plaintiff knows or should know of the potential claim.” *Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1104 (Md. 2004) (citing *Lumsden v. Design Tech Builders*, 749 A.2d 796, 801 (Md. 2000)). Maryland courts have concluded that “a claimant reasonably should

know of a wrong if the claimant has 'knowledge of circumstances which ought to have put a person of ordinary prudent on inquiry . . . with notice of all facts which such an investigation would in all probably have disclosed if it had been properly pursued.'" *Lumsden*, 749 A.2d at 801 (quoting *Poffenberger v. Risser*, 431 A.2d 677, 681) (Md. 1981)). Additionally, under Maryland law, "[a] cause of action does not accrue . . . until all elements are present, including damages." *Supik v. Bodie, Nagle, Dolina, Smith & Hobbs, P.A.*, 834 A.2d 170, 180 (Md. Ct. Spec. App. 2002) (quoting *Fairfax Sav., F.S.B. v. Weinberg & Green*, 685 A.2d 1189, 1201 (Md. Ct. Spec. App. 1996)); *see also St. Paul Travelers v. Millstone*, 987 A.2d 116, 121 (Md. 2010) ("[T]he law is concerned with accrual in the sense of testing whether all of the elements of a cause of action have occurred so that it is complete.") (citation omitted); *Patriot Constr., LLC v. VK Elec. Servs., LLC*, 290 A.3d 1108, 1120 (App. Ct. Md.2023) ("The test to be utilized in fixing the accrual date of a cause of action 'is to ascertain the time when [the complaining party] could have first maintained [its] action to a successful result.'") (quoting *Kumar v. Dhanda*, 43 A.3d 1029, 1034 (Md. 2012)).

In consideration of the foregoing principles, and others discussed *infra*, the Court cannot find at this early stage of the case that any count in the Complaint is time barred. Therefore, Defendants' motion to dismiss the Complaint based on the statute of limitations is denied.

**1. Breach of Contract**

In Count One, Plaintiffs allege that JHU breached the 2017 SRA by publishing confidential information regarding PA-IONI technology through the July 2017 article, July 2018 article, '483 provisional, PCT, '943 application, and '857 publication, and by concealing and/or failing to disclose to Plaintiffs the '483 provisional, '943 application, and '857 publication. Compl. ¶ 114, 180–82. According to Plaintiffs, the challenged disclosures and publications violate § 9.1 of the 2017 SRA, which states, "JHU shall have the right to publish and disseminate information derived

from the Project, but not including the 'Confidential Information' of Sponsor." Compl. Ex. 2, § 9.1. Plaintiffs plausibly allege that PA-IONI technology "was not yet public and fell within the definition of 'Confidential Information[.]'"[4] Compl. ¶ 74. Plaintiffs further allege that Defendants "prepared and filed" the '483 provisional, the PCT, the '943 application, and the '857 publication without properly informing Plaintiffs in violation of § 10 of the 2017 SRA. Compl. ¶¶ 181–82. Section 10.2(d) of the 2017 SRA states that "JHU and Sponsor shall promptly provide a complete written disclosure to each other of any invention." Compl. Ex. 2, § 10.2(d).

While it is apparent that all of the alleged contractual breaches occurred prior to September 21, 2022—three years before Plaintiff filed the instant action—the Court must determine whether all elements of a breach-of-contract cause of action were established before that date and whether Plaintiffs were aware or on inquiry notice of them. To determine when the claims asserted in Count One accrued, the Court must consider "the elements of a breach of contract claim: contractual obligation, breach, and damages." *SG Maryland, LLC v. PMIG 1024, LLC*, 329 A.3d 373, 381–82 (App. Ct. Md. 2024) (citation omitted). Although a cause of action for a breach of contract *typically* accrues at the time of breach, *see Kumar*, 43 A.3d at 1035, Plaintiff's breach-of-contract claims could not accrue until he was aware or was on inquiry notice of "all elements" of his claims, "including damages[,]" *Supik*, 834 A.2d at 180; *see also Bacon v. Arey*, 40 A.3d 435, 463 (Md. Ct. Spec. App. 2012) (explaining that all elements "including damages, however trivial[,]" must be present) (citation omitted).

The Court cannot find at this early stage of the case that Plaintiffs were aware or on inquiry notice of any harm arising from at least some of JHU's alleged breaches of the 2017 SRA before

[4] "Confidential Information" is defined in the agreement as "non-public information that is marked as 'Confidential Information' and which is disclosed by one party to the other, including but not limited to . . . inventions (whether patentable or not)," and other listed materials. Compl. Ex. 2, § 8.1.

October 2022. While it is apparent that Plaintiffs were aware of the July 2018 article before September 21, 2022, *see* Compl. ¶ 126, the Complaint does not allege any harm from this article until the patent examiner rejected Goodwin's patent claims to PA-IONI technology on October 7, 2022, based on the article, *id.* ¶¶ 131, 159. Although it is possible that Plaintiffs reasonably should have known that they could have been injured by the July 2018 article before October 2022 or might have discovered potential harm through reasonable investigation before that date, these facts are not clear from the face of the Complaint and may be subject to dispute. *See Goodman*, 494 F.3d at 464 (court may reach affirmative defense on a motion to dismiss only "in the relatively rare circumstances where facts sufficient to rule on [the] affirmative defense are alleged in the complaint," and "all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint*[]'") (citation omitted). The Court cannot resolve such disputes at the pleading stage and without the benefit of a fuller evidentiary record.[5] *See Frederick Rd.*, 756 A.2d at 974 (question of accrual under CJP § 5-101 is decided "after careful consideration of the purpose of the statute *and the facts to which it is applied*") (emphasis added). Accepting the facts in the Complaint as true and drawing reasonable inferences in Plaintiffs' favor, *see Rice*, 172 F.4th at 432, the Court cannot find that their breach-of-contract cause of action is barred by Maryland's three-year statute of limitations. Accordingly, Defendants' motion to dismiss Count One as time barred is denied.

---

[5] Defendants argue that the July 2018 article does not constitute a breach of the 2017 SRA, but they seem to rely upon facts that are not clear from the Complaint and exhibits filed in this action. ECF 15-1 at 13–14. The Court cannot consider these facts in deciding Defendants' Rule 12(b)(6) motion. *See Goines*, 822 F.3d at 165–66 (court's assessment of a Rule 12(b)(6) motion to dismiss is "generally limited to a review of the allegations of the complaint itself[,]" but may include consideration of documents "explicitly incorporated into the complaint by reference, . . . those attached to the complaint as exhibits," and those that are "integral to the complaint" without any dispute as to authenticity).

**2. Fraud**

In Count Two of the Complaint, Plaintiffs allege that Defendants fraudulently induced Plaintiffs to enter the 2017 SRA with knowingly false assurances that Defendants would protect Plaintiffs' IP rights and that Bell's academic research "was limited to 'studying the potential benefits of photoacoustic as a non-invasive technique for evaluation of intracranial blood vessels[.]'" Compl. ¶¶ 64–67, 193–94. Defendants argue that this count is barred by Maryland's three-year statute of limitations. But a fraud claim under Maryland law includes as an element that the plaintiff "suffered damage" upon reliance on a materially false representation, *see Lawley v. Northam*, Civ. No. ELH-10-1074, 2011 WL 6013279, at *9 (D. Md. Dec. 1, 2011) (quoting *Lapides v. Trabbic*, 758 A.2d 1114, 1122 (Md. Ct. Spec. App. 2000)), and the Complaint does not allege any damages that Plaintiffs suffered from the alleged fraud until their patent claims were rejected in October 2022, Compl. ¶¶ 131, 159. As discussed in Part III.C.1 *supra*, whether Plaintiffs reasonably should have known that they could have been injured before October 2022 is not answered in the Complaint and may be disputed. It would be improper for the Court to resolve such a dispute at this early stage of the case without a greater evidentiary record. Thus, accepting the facts in the Complaint as true and drawing reasonable inferences in Plaintiffs' favor, the Court cannot find that their cause of action for fraud is barred by the applicable statute of limitations. Accordingly, Defendants' motion to dismiss Count Two as time barred is denied.

**3. Conversion**

In Count Three of the Complaint, Plaintiffs allege conversion under Maryland law based on Bell and Shubert's claim to be sole joint inventors of PA-IONI technology in the July 2017 and July 2018 articles; their assignments of the '483 provisional, '943 application, and '857 publication to JHU; JHU's claim to be sole owner of the '857 publication and offer to license it back to

Goodwin; and Defendants' efforts to commercialize PA-IONI technology. Compl. ¶¶ 220–23. Plaintiffs contend that the foregoing intentional acts are "inconsistent" with Goodwin's rights as an owner of PA-IONI technology, having acquired these rights through "significant inventive contributions," years of research and development, and expenditure of time and resources. *Id.* ¶¶ 217–28.

The elements of conversion under Maryland law are: (1) "any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it[;]" and (2) "an intent to exercise a dominion of control over the goods which is in fact inconsistent with the plaintiff's rights." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 841 A.2d 828, 835–36 (Md. 2004) (citations omitted); *see also Yuan v. Johns Hopkins Univ.*, 135 A.3d 519, 533–35 (Md. Ct. Spec. App. 2016), *aff'd*, 157 A.3d 254 (Md. 2017); *Lilly v. Baltimore Police Dep't*, 694 F. Supp. 3d 569, 593 (D. Md. 2023). A conversion claim under Maryland law requires more than "temporary interference with property rights[;]" it requires "the exercise of unauthorized dominion and control to the complete exclusion of the rightful possessor." *JET Sys., LLC v. United States*, Civ. No. DKC 25-1218, 2025 WL 3227471, at *3 (D. Md. Nov. 19, 2025) (quoting *Thomas v. Artino*, 723 F. Supp. 2d 822, 834 (D. Md. 2010)) (internal quotation marks omitted). "Although '[t]he original common law rule was that a claim for conversion' was limited to tangible property, Maryland courts have since extended conversion 'to the type of intangible property rights that are merged or incorporated into a transferable document.'" *Id.* (quoting *Allied Inv. Corp. v. Jasen*, 731 A.2d 957, 963, 965 (Md. 1999).

Here, the Court rejects Defendants' argument that Plaintiffs' conversion count is time barred because Plaintiffs allege that the '943 application and '857 publication were distinct and intentional acts of ownership exerted by Defendants over PA-IONI technology that are

inconsistent with Goodwin's asserted ownership rights, Compl. ¶¶ 216–26, and Plaintiffs did not discover these acts until early 2023, *id.* ¶ 119—less than three years before they filed this suit. Defendants argue that Plaintiffs were aware of the '483 provisional in 2018, "which alerted Mr. Goodwin that he was not listed as an inventor[,]" that Bell and Shubert assigned "their rights in the '483 provision application to JHU[,]" and "that JHU was claiming to be the sole owner" of that application. ECF 15-1 at 19. But the '943 application and '857 publication are alleged to be "act[s] of ownership" that were "distinct" from the '483 provisional and therefore plausibly support Plaintiffs' conversion claims separately from earlier acts of ownership. *Darcars Motors*, 841 A.2d at 835 (citation omitted); *see also* Compl. ¶¶ 9, 114, 216. Defendants argue that "a reasonable person" in Plaintiffs' position "would have discovered further information regarding the alleged wrongs via a reasonable search more than three years before the filing of the Complaint." ECF 15-1 at 19. But Plaintiffs explain in the Complaint that "reasonable diligence" could not have revealed the '943 application and '857 publication at the time at the time they were filed and that the patent examiner for Plaintiffs' '401 application did not locate these applications during prior art searches before October 2022. Compl. ¶¶ 121–29. As such, Plaintiffs offer facts to dispute Defendants' contention about what information a "reasonable search" would have yielded regarding the challenged acts of ownership before September 19, 2022. It would be improper to resolve this disputed issue of fact at the pleading stage. Accepting the facts in the Complaint as true and drawing reasonable inferences in Plaintiffs' favor, the Court cannot find that their conversion claim is time barred. Defendants' motion to dismiss this count is denied.[6]

[6] The Court notes that the U.S. Court of Appeals for the Federal Circuit has held that a claim under state law for conversion of unpatented technology is preempted by federal patent law when the claim, "as pled, is essentially an inventorship cause of action and patent infringement cause of action, and thus seeks 'patent-like protection' for ideas that are unprotected under federal law." *BearBox LLC v. Lancium LLC*, 125 F.4th 1101, 1112 (Fed. Cir. 2025). In addition, several district courts have similarly held that "federal patent law preempts state-law conversion claims that "seek[] a correction of inventorship or depend[] upon

**4. Unfair Competition Under Common Law**

In Count Four of the Complaint, Plaintiffs allege that Defendants engaged in unfair competition under Maryland common law by seeking to commercialize the Plaintiffs' PA-IONI technology and claiming the technology as their own. Compl. ¶¶ 231, 234, 235.

Although "[t]here are no specific elements required to establish unfair competition under Maryland law[,]" to recover for this tort, "a plaintiff must show that the defendant's conduct damaged or jeopardized its business." *ClearOne Advantage, LLC v. Kersen*, 756 F. Supp. 3d 30, 43 (D. Md. 2024) (citations omitted); *see also Trimed, Inc. v. Sherwood Med. Co.*, 977 F.2d 885, 891 (4th Cir. 1992) (quoting *Balt. Bedding Corp. v. Moses*, 34 A.2d 338, 342 (Md. 1943)); *Real Time Med. Sys., Inc. v. PointClickCare Tech., Inc.*, 131 F. 4th 205, 225 (4th Cir. 2025). Other judges of this Court have held that "only acts which 'substantially interfere . . . with the ability of others to compete on the merits of their products' or acts that 'conflict . . . with accepted principles of public policy' can serve as the grounds of an unfair competition claim." *Ellicott Dredges, LLC v. DSC Dredge, LLC*, 280 F. Supp. 3d 724, 732 (D. Md. 2017) (citation omitted); *see also Paccar*, *Paccar Inc. v. Elliot Wilson Capitol Trucks LLC*, 905 F. Supp. 2d 675, 692–93 (D. Md. 2012) (citing *Balt. Bedding*, 34 A.2d at 342); *Brightview Grp., LP v. Teeters*, 441 F. Supp. 3d 115, 134

---

a patent theory for recovery." *Trs. of Columbia Univ. in City of N.Y. v. NortonLifeLock, Inc.*, 580 F. Supp. 3d 236, 276 (E.D. Va. 2022) (collecting cases); *see also Informatics Applications Grp., Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 421 (E.D. Va. 2011) ("A conversion claim based on alleged misappropriation of patent rights is preempted by federal law.") (citing *United States ex rel. Berge v. Bd. of Trustees of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997) (finding conversion claim preempted by federal copyright law)); *Speedfit LLC v. Woodway USA, Inc.*, 226 F. Supp. 3d 149, 159–60 (E.D.N.Y. 2016) ("[A]ccording to controlling [Federal Circuit] precedent, a state law claim that either seeks 'patent-like' protections not provided by federal patent law, or turns on a determination of inventorship, is preempted by federal patent law.").

Defendants do not argue here that Plaintiffs' conversion claim (nor any of their other state-law claims) is preempted by federal patent law, and the Court declines to reach the issue without providing the parties an opportunity to raise the issue and brief it.

(D. Md. 2020); *Phreesia, Inc. v. Certify Glob., Inc.*, Civ. No. DLB-21-678, 2022 WL 911207, at *13 (D. Md. Mar. 29, 2022).

Defendants' motion to dismiss Plaintiffs' unfair competition count as time barred must be denied because, again, the Complaint does not allege any damage to, or substantial interference with, Plaintiffs' business until their patent claims were rejected in October 2022 based on the July 2018 article, Compl. ¶¶ 131, 159. As discussed in Part III.C.1 *supra*, whether Plaintiffs reasonably should have known that they could have been injured before October 2022 is not clear from the face of the Complaint and may be subject to dispute, which the Court cannot resolve at this early stage of the case. Moreover, Plaintiffs allege that Goodwin did not become aware of the steps Defendants took toward commercializing PA-INOI technology through the '943 application and '857 publication until early 2023. Compl. ¶ 119. In the Complaint, Plaintiffs explain that "reasonable diligence" could not have revealed the '943 application and '857 publication at the time they were filed, noting that the patent examiner for Plaintiffs' '401 application did not locate this application during prior art searches. *Id.* ¶¶ 121–29. Thus, accepting the facts in the Complaint as true and drawing reasonable inferences in Plaintiffs' favor, the Court cannot find that their common-law unfair competition claim is barred by Maryland's statute of limitations. Defendants' motion to dismiss Count Four is denied.

**5. Unfair Competition Under Lanham Act**

In Count Five of the Complaint, Plaintiffs allege that Defendants engaged in unfair competition in violation of § 43(a) of the Lanham Act[7] by "making false representations" that Bell

---

[7] Section 43(a) of the Lanham Act states:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of

and Shubert "are the sole joint-inventors of Mr. Goodwin's PA-IONI™ technology, as disclosed in Defendant Bell's July 2017 article, July 2018 article and disclosed and claimed in the '857 publication[,]" for the purpose of promoting Defendants "in at-least, the academic world and industry." Compl. ¶¶ 240–41. Additionally, Plaintiffs allege that the challenged statements "are misleading to actual and potential marketing and commercial partners," including "the current potential customers of Goodwin's PA-IONI™ technology," and "have deceived, confused, or misled, or had the capacity to deceive, confuse, or mislead such customers." *Id.* ¶ 244.

Defendants move to dismiss Count Five as barred by the applicable statute of limitations. ECF 15-1 at 20–21. The parties do not dispute that Plaintiffs' Lanham Act claim is subject to Maryland's three-year statute of limitations. *See id.* at 11; ECF 19 at 22–28.[8] "A federal cause of action accrues 'when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.'" *Baldwin v. City of Greensboro*, 714 F.3d 828, 839 (4th Cir. 2013) (quoting *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 604 (4th Cir. 2002)). Here, Plaintiffs' allege that the "false representations" upon which their Lanham Act claim is based were made in the '857 publication, Compl. ¶ 240, and that they did not discover this publication

> fact, which-- (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Lanham Act, 15 U.S.C. § 1125(a)(1)(A),(B).

[8] The Fourth Circuit has held that the statute of limitations for Lanham Act claims is presumptively the same as that for the most analogous state law, but that courts should also consider equity principles such as whether plaintiff knew of the adverse action, whether the filing delay was "excusable or unreasonable," and whether Defendants were "unduly prejudiced" by the delay. *Belmora LLC v. Bayer Consumer Care*, 987 F.3d 284, 294–95 (4th Cir. 2021).

until early 2023, *id.* ¶ 119. Defendants argue that Plaintiffs were aware of the challenged statements having been made in the ’483 provisional, “which led to the ’857 application,” ECF 15-1 at 21, but the ’857 publication by itself may plausibly support Plaintiffs’ Lanham Act claim, and Plaintiffs allege that they were not aware of that filing until after September 19, 2022, Compl. ¶ 119. Defendants argue that Plaintiffs “would have discovered further information” about the ’857 publication and the July 2018 article “via a reasonable search, more than three years before the filing of the Complaint.” ECF 15-1 at 21. But, as discussed in Parts III.C.3 and III.C.4 *supra*, Plaintiffs explain in the Complaint that “reasonable diligence” could not have revealed the ’857 publication at the time it was published and that the patent examiner for Plaintiffs’ ’401 application did not locate this publication during prior art searches before October 2022. Compl. ¶¶ 121–29. As such, Plaintiffs offer facts to dispute that a “reasonable inquiry” would reveal any cause of action they had based on the ’857 publication before September 19, 2022. *Baldwin*, 714 F.3d at 839. It would be improper to resolve this disputed issue of fact at the pleading stage. Accepting the facts in the Complaint as true and drawing reasonable inferences in Plaintiffs’ favor, the Court cannot find that their Lanham Act unfair competition claim is time barred. Defendants’ motion to dismiss Count Five is denied.

**6. Declaratory Judgment**

In Count Six of the Complaint, Plaintiffs assert a claim for a declaratory judgment[9] that Goodwin is “a joint-inventor and co-owner of the PA-IONI™ technology disclosed in Defendant

[9] Under the federal Declaratory Judgment Act, a federal court may, “upon the filing of an appropriate pleading … declare the rights and other legal relations” of a party in a civil action and determine whether further relief could be sought. 28 U.S.C. § 2201(a). The statute expressly limits the availability of declaratory relief in federal court to “case[s] of actual controversy with [the court’s] jurisdiction[.]” *Id.*

> [A] federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an “actual controversy” between the parties “of sufficient immediacy and reality to warrant issuance of a declaratory judgment;” (2)

Bell's July 2017 article, July 2018 article, and disclosed and claimed in the '857 publication." Compl. ¶ 253. Again, Defendants argue that this claim is barred by Maryland's three-year statute of limitations for civil cases.[10] ECF 15-1 at 21–22. Plaintiffs do not dispute that the declaratory judgement count is subject to Maryland's three-year statute of limitations. *See* ECF 19 at 22–28. However, according to the Appellate Court of Maryland, "[t]here is no time bar at all" to seek "the primary relief of a simple declaration." *Murray v. Midland Funding*, 163 A.3d 271, 275 (Md. Ct. Spec. App. 2017); *see also Willson v. TDH Farms, LLC*, No. 2025, Sept. term, 2023, 2025 WL 2528351, at *8 (App. Ct. Md. Sept. 3, 2025). Additional remedies sought in conjunction with a declaration may be time barred—by either a statute of limitations or laches, "depending on whether the relief sought is legal or equitable." *Willson*, 2025 WL 2528351, at *8 (citing *Murray*, 163 A.3d at 276–77). Thus, "[w]hether declaratory relief is time-barred depends on the type of relief requested." *Willson*, 2025 WL 2528351 at *8 (citing *Murray*, 163 A.3d at 275–77). Here, Count

---

> the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

*Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004). Similarly, Maryland's declaratory judgment statute states the following:

> [A] court may grant a declaratory judgment of decree in a civil case, if it will serve to terminate the uncertainty or controversy giving rise to the proceeding and if: (1) An actual controversy exists between contenting parties; (2) Antagonistic claims are present between the parties involved which indicate imminent or inevitable litigation; or (3) A party asserts a legal relation, status, right, or privilege and this is challenged or denied by an adversary party, who also has or asserts a concrete interest in it.

Md. Code Ann., Cts & Jud. Proc. § 3-409(a).

[10] Defendants also move to dismiss any claim Plaintiffs assert in Count Six for a declaratory judgement of inventorship. ECF 15-1 at 22–23. Although 35 U.S.C. § 256 provides a remedy to correct inventorship of an issued patent, Defendants argue this provision is not applicable here because no patent has issued for PA-IONI technology. *Id.* at 23. In response, Plaintiffs confirm that they seek only a declaratory judgment of ownership that does not require consideration of inventorship under patent law. *See* ECF 19 at 28.

Six seeks only "a simple declaration" and, therefore, is not time barred under Maryland law.[11] Defendants' motion to dismiss Count Six as time barred is denied.[12]

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted in part and denied in part. Counts One and Six are dismissed as to Bell and Shubert. The motion is denied in all other respects. A separate Amended Order shall issue.

October 7, 2026
Date

/S/
Matthew J. Maddox
United States District Judge

[11] Even if Count Six was subject to a three-year limitations period, Maryland's discovery rule would apply. *See Lumsden*, 749 A.2d at 801. As discussed in Parts III.C.3 and III.C.4 *supra*, Plaintiffs allege that they did not discover the '857 publication until early 2023, Compl. ¶ 119—within three years of filing suit. Thus, to the extent that Count Six is based Defendants' denial of Plaintiffs' ownership of PA-IONI technology in the '857 publication, this count would not be barred by Maryland's three-year statute of limitations.

[12] As explained in Part III.B *supra*, the count is dismissed as to Bell and Shubert but sustained as the JHU.